1  Corey Allen Evans (SBN 218789)
   Geneva Page (SBN 235633)
2  **EVANS & PAGE**
   One Market Plaza
3  Spear Tower Suite 3600
   San Francisco CA 94105-1102
4
   ph: (415) 293-8592
5  fax: (415) 358-5855

6  Attorney for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  ALFREDO KUBA, an individual,           CASE NO.:

11          Plaintiff,

12      v.                                  **COMPLAINT FOR VIOLATION OF
                                            CONSTITUTIONAL RIGHTS, FOR
13  MARINE WORLD JOINT POWERS              PERSONAL INJURY AND FOR
    AUTHORITY, an unknown business entity, SIX   INJUNCTIVE AND DECLARATORY
14  FLAGS THEME PARKS INC. dba Six Flags   RELIEF
    Marine World, a Delaware corporation, PARK
15  MANAGEMENT CORPORATION dba Six          **JURY TRIAL DEMANDED**
    Flags Marine World, a California corporation,
16  JOE MECK, as an individual, DALE ARNOLD,
    as an individual, AARON ARKY, as an
17  individual, CITY OF VALLEJO, dba Marine
    World Joint Powers Authority, VALLEJO
18  POLICE DEPARTMENT, LIEUTENANT
    SALINAS, as an individual, OFFICER
19  DOUGLAS WILCOX, as an individual,
    SERGEANT SCHROEDER, as an individual,
20  OFFICER THOMPSON, as an individual,
    OFFICER HAMMRICK, as an individual,
21  OFFICER BAUTISTA, as an individual, and
    DOES 1 through 100, inclusive,
22
            Defendants.
23
                    I.      JURISDICTION AND VENUE
24
    1.  This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. Section 1983, et
25
        seq.
26
    2.  This Court has subject matter jurisdiction over the parties and subject matter of this action
27
        pursuant to 28 U.S.C. Sections 1343 and 1331.  This court also has pendent claim
28

1   jurisdiction over related state law claims pursuant to 28 U.S.C. Section 1367.

2   3.   Venue is proper in the Eastern District of California under 28 U.S.C. Section 1391(B).

3   Defendants reside in this district and all of the events or omissions giving rise to Plaintiff's

4   claim have occurred, or will occur, in this district.

5   4.   Plaintiff has complied with the California Government Tort Claims Act Section 910, et seq.

6

## II.   INTRODUCTION

7   This civil action seeks relief against defendants based on their repeated unlawful arrests of

8   plaintiff while he was engaging in free speech activities at Six Flags Marine World theme park in

9   Vallejo (hereinafter referred to as "Marine World").   Plaintiff was assaulted and arrested on March

10   20, 2004, by private security guards for walking on a public sidewalk and charged with "trespassing

11   and battery" at Marine World.  The charges were dropped by the district attorney within one month.

12   Plaintiff was again arrested on May 31, 2004, by Vallejo City police officers for walking on the

13   grass at Marine World.  The case went to trial and the judge granted an acquittal.

14   This complaint requests monetary damages and injunctive relief against Government

15   Defendants for committing acts under color of law, which deprived Plaintiff of rights secured by

16   the United States and California Constitions, and the law of the United States; for conspiring for the

17   purpose of impeding and hindering the due course of justice with the intent to deny Plaintiff equal

18   protection of laws; and for refusing or neglecting to prevent such deprivations and denials to

19   Plaintiff.   Government Defendants, while acting in their capacities as police officers in the City of

20   Vallejo, County of Solano, State of California, deprived Plaintiff of his liberty without due process

21   of law, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the

22   First, Fourth and Fourteenth Amendments to the Constitution of the United States.

23   Marine World Defendants also deprived Plaintiff of his liberty thereby depriving Plaintiff of

24   his constitutional rights under the First Amendment to the Constitution of the United States and

25   Article I Sections 2 and 3 of the California Constitution.  Furthermore, Marine World Defendants

26   commited the torts of assault, battery, unlawful arrest and false imprisonment.  Marine World

27   Defendants also have a unconstitutional policy that violates Plaintiff's rights of free speech

28   guaranteed by the California and United States Constitution.  Furthermore, Marine World

Defendants conspired with Government Defendants to deny Plaintiff his constitutional rights.

### III.    PARTIES

5.  Plaintiff ALFREDO KUBA (hereinafter referred to as "Plaintiff") was at all times a resident of Santa Clara County, California and of full age.

6.  Defendant MARINE WORLD JOINT POWERS AUTHORITY ("JPA") is an unknown business entity, and at all times referred to herein was, the owner of the animals, facilities and leasehold interest for the facilities at Marine World.

7.  Defendant SIX FLAGS THEME PARKS INC. ("SIX FLAGS") is a California corporation, and at all times referred to herein was, believed to be the owner and director of Defendant PARK MANAGEMENT CORPORATION ("PMC").

8.  Defendant PMC is a California corporation, and at all times referred to herein was, the company in charge of managing and operating Marine World.  PMC and SIX FLAGS collectively do business as "Six Flags Marine World."

9.  Defendant JOE MECK is an individual, and at all times referred to herein, was the Vice President and general manager at Marine World and was employed by PMC.  Defendant JOE MECK was in charge of the employees and security guards and Marine World.

10. Defendant DALE ARNOLD is an individual, and at all times referred to herein, was the Director of Operations at Marine World and employed by PMC.

11. Defendant AARON ARKY is an individual, and at all times referred to herein, worked for Marine World as a security guard.

12. Defendants DOES 1-20 are individuals, and at all times mentioned herein were security guards working at and for Marine World and employed by PMC.

13. Defendants JPA, SIX FLAGS, PMC, JOE MECK, DALE ARNOLD, AARON ARKY and DOES 1-20 are collectively referred to as the "MARINE WORLD DEFENDANTS."

14. Defendant CITY OF VALLEJO, dba Marine World Joint Powers Authority, is, and at all times referred to herein was, believed to be the controlling interest in JPA, and therefore the owner of the animals, facilities and leasehold interest for the facilities at Marine World and retains direct authority over all activities at Marine World.  Defendant CITY OF VALLEJO

1    is also the provider of the unifors, guns and cars used by Defendant VALLEJO POLICE

2    DEPARTMENT.  Defendant CITY OF VALLEJO is an incorporated municipality in

3    Solano County, California.

4    15. Defendant VALLEJO POLICE DEPARTMENT ("POLICE DEPT") is, and at all times

5    referred to herein was, the employer and trainer of those officers who detained and arrested

6    Plaintiff.  The POLICE DEPT is a government agency and a department of the CITY OF

7    VALLEJO.

8    16. Defendant LIEUTENANT SALINAS ("LT SALINAS") is an individual, and at all times

9    referred to herein was the ranking police officer present on May 31, 2004 when Plaintiff

10    was falsely arrested and falsely imprisoned.  At all times referred to herein, LT SALINAS

11    was an employee of the POLICE DEPT and acted toward Plaintiff under color of the

12    statutes, ordinances, customs, and usage of the CITY OF VALLEJO and the POLICE DEPT.

13    17. Defendant OFFICER DOUGLAS WILCOX ("OFFICER WILCOX") is an individual, and

14    at all times referred to herein was employed by the POLICE DEPT and acted toward

15    Plaintiff under color of the statutes, ordinaces, customs, and usage of the CITY OF

16    VALLEJO and the POLICE DEPT.

17    18. Defendant SERGEANT SCHROEDER, (badge #429) is an individual, and at all times

18    referred to herein was employed by the POLICE DEPT and acted toward Plaintiff under

19    color of the statutes, ordinances, customs, and usage of the CITY OF VALLEJO and the

20    POLICE DEPT.

21    19. Defendant OFFICER THOMPSON, (badge #928) is an individual, and at all times referred

22    to herein was employed by the POLICE DEPT and acted toward Plaintiff under color of the

23    statutes, ordinances, customs, and usage of the CITY OF VALLEJO and the POLICE

24    DEPT.

25    20. Defendant OFFICER HAMMRICK, (badge #530) is an individual, and at all times referred

26    to herein was employed by the POLICE DEPT and acted toward Plaintiff under color of the

27    statutes, ordinances, customs, and usage of the CITY OF VALLEJO and the POLICE

28    DEPT.

21. Defendant OFFICER BAUTISTA, (badge #560) is an individual, and at all times referred to herein was employed by the POLICE DEPT and acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the CITY OF VALLEJO and the POLICE DEPT.

22. Defendants JPA, CITY OF VALLEJO, POLICE DEPT, LT SALINAS, OFFICER WILCOX and DOES 21-40 are collectively referred to as the "GOVERNMENT DEFENDANTS."

23. The true names and capacities of the defendants named as DOES 1 through 100 are unknown to Plaintiff and are therefore sued by fictitious names.  Plaintiff will amend this complaint to plead their true names and capacities after they have been ascertained.  Each of the DOE defendants is liable on the same basis and for the same amount as are the named Defendants.

24. Plaintiff is informed and believes and based thereon alleges that at all relevant times, each of the Defendants were the agents and employees of the other Defendants, and in doing the things alleged in this complaint, Defendants were acting within the course and scope of their agency and employment.

25. Plaintiff is informed and believes that DOES 21-40 includes supervisors and/or superiors of other GOVERNMENT DEFENDANTS.  Furthermore, these supervisors and/or superiors ordered, personally participated, or knew or should have known and acquiesced, GOVERNMENT DEFENDANTS to deprive Plaintiff of his constitutional rights.

26. Plaintiff sues all Defendants in their individual capacities.

## IV.   FACTUAL ALLEGATIONS

27. CITY OF VALLEJO, PMC, SIX FLAGS and JPA are signatories to a "Management Agreement Relating to Marine World" ("Agreement").

28. Marine World is operated pursuant to the guidelines set forth in the Agreement.

29. The Agreement states that JPA has overall responsibility for all activities and facilities at Marine World.

/

30. The CITY OF VALLEJO has a controlling interest in JPA, and therefore, the land, animals, and facilities at Marine World are publicly owned property.

31. SIX FLAGS and PMC are private companies that are in the business of managing theme parks and lease Marine World from JPA.

32. SIX FLAGS and PMC have a policy entitled "Public Assembly Policies and Procedures" ("Policy").

33. The Policy states that "Marine World is a privately managed property that invites the general public, through the payment of an admission fee, to enjoy the attractions maintained within the Park."

34. The Policy defines the procedures that must be followed by any individual or group that desires to exercise their constitutional rights of assembly and free speech.

35. The Policy requires that "individuals or groups that desire to assemble for the purpose of exercising their right of freedom of speech will be allowed to do so contingent upon the completion of appropriate advance written request, approval of said request, and compliance with all specific rules and guidelines provided in the approval package."

36. The Policy requires that the individual or group must include the following information in their request:

    a.  Name of individual or group,

    b.  Group leader

    c.  Address of individual or group/group leader

    d.  Telephone, fax, pager numbers

    e.  E-mail address

    f.  Description of the assembly's purpose

    g.  Copies of any materials intended to be distributed

    h.  Number of individuals to be involved in the assembly

    i.  Date of desired assembly

    j.  Length of desired assembly

/

37. The Policy states that the General Manager of Marine World shall have final authority as to the approval of any request.

38. The Policy states that "assemblies will be assigned specific locations on Marine World property based on the information provided in the written request.  All assemblies must remain in those assigned areas at all times.  Failure to comply with this provision of the policy may subject assembly participants to immediate ejection and/or arrest."

39. The Policy does not allow reasonable access to the public patrons for Plaintiff to exercise his constitutional free speech rights.

### A.    EVENTS OF MARCH 20, 2004

40. On March 18, 2004, Plaintiff left telephone messages with the Chief of the POLICE DEPT, Chief Nichelini, and the POLICE DEPT watch commander, Lieutenant Jaksch, that there would be a peaceful protest that would take place at Marine World on March 20, 2004.

41. On March 19, 2004, Plaintiff received a call from a Captain Jackson, Badge number 400. Capt. Jackson acknowledged that Plaintiff had a constitutional right to pass out leaflets to Marine World patrons.

42. On March 20, 2004, Plaintiff approached Marine World on a public sidewalk with three other individuals.  Plaintiff and another individual accompanying him, Deniz Bolbol, had video cameras turned on and were filming.  Plaintiff was also holding a sign, the topic of which concerned the animals at Marine World.

43. Before Plaintiff came near or into contact with one patron on Marine World Property, Marine World security guards, DOES 1-20, blocked Plaintiff's path and refused to allow Plaintiff to continue walking closer to the gate.

44. DOES 1-20 began pushing Plaintiff and telling him he was trespassing on private property.

45. Plaintiff and the individuals accompanying him told DOES 1-20 that they should call the police if there was a problem.

46. DOES 1-20 began grabbing Plaintiff and kicking at his legs and twisting his arms.  DOES 1-20 threw Plaintiff to the ground and handcuffed him. The entire time that Plaintiff was being assaulted by DOES 1-20, he was crying for help and announcing that he had a constitutional

EVANS & PAGE
SAN FRANCISCO

right to be on the property.  DOES 1-20 held Plaintiff on the ground and would not let him up.

47. Shortly thereafter, CITY OF VALLEJO police officers arrived and ignored Plaintiff's concerns and only consulted with Marine World employees and security guards.  The police officers were SERGEANT SCHROEDER, OFFICER THOMPSON, OFFICER HAMMRICK, and OFFICER BAUTISTA.

48. The police officers took Plaintiff's video camera and viewed the footage of Plaintiff's assault by DOES 1-20.  Plaintiff was still handcuffed and kept on the ground.

49. Plaintiff was subsequently placed in a police car and CITY OF VALLEJO police OFFICER BAUTISTA, threatened to jail Plaintiff for trespassing.  Plaintiff explained to OFFICER BAUTISTA that the property is publicly owned and that he was exercising constitutional rights of free speech. OFFICER BAUTISTA informed Plaintiff that Marine World was requesting a citizen's arrest and OFFICER BAUTISTA had "no choice" but to take the arrest.

50. Throughout the course of the events described above, management personnel of SIX FLAGS and PMC were present, observing, and conferring with Marine World security guards and police officers.

51. OFFICER BAUTISTA cited Plaintiff for trespassing and battery.

*52.* After sending the video footage taken by Plaintiff and Deniz Bolbol to the Vallejo Police Internal Affairs Department and the Vallejo City Attorney, the citations against Palitnich were dropped on April 20, 2004, less than one month from when Plaintiff was arrested.

### B.      EVENTS OF MAY 31, 2004

53. On May 31, 2004, Plaintiff was walking toward the entrance of the park videotaping and holding signs regarding the animals at Marine World.

54. A police officer walked from the Marine World side of the street, to the other side of the street where Plaintiff was standing preparing to cross and presented Plaintiff with the Marine World Policy.

/

55. As soon as Plaintiff crossed the street and came near Marine World, Plaintiff was told by police officers from the POLICE DEPT and Marine World security guards, including Defendant AARON ARKY, that he could not walk toward the entrance where the rest of the public was walking.

56. Plaintiff walked to a different area and he was arrested by officer OFFICER WILCOX after allegedly trespassing by stepping on grass owned by Marine World.

57. Plaintiff was singled out by Marine World and the police officers due to the content of his speech and the content of his signs and leaflets.

58. Defendant DALE ARNOLD signed the citizens arrest form to have Plaintiff arrested.

59. Plaintiff was charged with trespassing and the case was prosecuted by the Solano County District Attorney's Office.

60. At Plaintiff's criminal trial, Judge Ramona Garrett threw out the charges against Plaintiff and acquited him of all wrongdoing.

61. Prior to the events described herein, it has been clearly settled law in United States and in the State of California that a person may exercise his constitutional rights of free speech by peacefully demonstrating on publicly owned property open to the public.

62. With regard to all of the causes of action that follow against the CITY OF VALLEJO and the POLICE DEPT, Plaintiff alleges upon belief that the CITY OF VALLEJO and the POLICE DEPT:

    k.  Developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Vallejo, which caused the violation of Plaintiff's rights.

    l.  It was the policy and/or custom of the CITY OF VALLEJO and the POLICE DEPT to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional vioaltions on the part of its police officers.

    m.  The above described policies and customs demonstrated a deliberate indifference on the part of policy makers at the CITY OF VALLEJO and the POLICE DEPT to the

EVANS & PAGE
SAN FRANCISCO

constitutional rights of persons within the city and were the cause of the violations of Plaintiff's rights alleged herein.

## V.      CAUSES OF ACTION

### *FIRST CAUSE OF ACTION*

**Violation of the First Amendment to the United States Constitution**

**Interference with Free Exercise of Speech and Abuse of Process**

**42 U.S.C. § 1983**

63. Paragraphs 1 through 62 are incorporated herein by reference as though fully set forth.

64. GOVERNMENT DEFENDANTS, under color of state law, caused and will cause Plaintiff to be subjected to the deprivation of his constitutional rights, in violation of 42 U.S.C. Section 1983.

65. MARINE WORLD DEFENDANTS caused and will cause Plaintiff to be subjected ot the deprivation of his constitutional rights.

66. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS prevented Plaintiff by physical restraint and arrest from exercising his constitutional rights of freedom of expression by preventing him to distribute materials and mingle with the public on public owned land that is open to the public.

67. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS threatened Plaintiff with arrest if Plaintiff engages in free speech activity that is constitutionally lawful on publicly owned land that is open to the public.

68. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS willfully arrested Plaintiff for the ulterior motive of retaliating agianst him, without a warrant, reasonably suspicion or probably cause, and in so doing, committed an abuse of process against him.

69. Plaintiff claims damages for injuries set forth above under 42 U.S.C. Section 1983 against GOVERNMENT DEFENDANTS for violation of his constitutional rights under color of law.

70. Wherefore, Plaintiff prays for judgment against GOVERNMENT DEFENDANTS and

1    MARINE WORLD DEFENDANTS as set forth hereafter.

2    *SECOND CAUSE OF ACTION*

3    **Violation of California Liberty of Speech Clause, art. I, §2 (a) of the California Constitution**

4    **and California Civil Code §§ 52.1 and 1708**

5    **Interference with Free Exercise of Speech and Abuse of Process**

6    **42 U.S.C. § 1983**

7    71. Paragraphs 1 through 70 are incorporated herein by reference as though fully set forth.

8    72. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS caused and will

9    cause Plaintiff to be subjected to the deprivation of his constitutional rights under the

10    California Constitution.

11    73. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS prevented

12    Plaintiff by physical restraint and arrest from exercising his rights secured by the

13    constitution of the State of California of freedom of expression by preventing him from

14    distributing materials and speaking with the public on public owned land that is open to the

15    public.

16    74. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS threatened

17    Plaintiff with arrest if Plaintiff engages in free speech activity that is constitutionally lawful

18    on publicly owned land that is open to the public.

19    75. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS willfully

20    arrested Plaintiff for the ulterior motive of retaliating against him, without a warrant,

21    reasonably suspicion or probably cause, and in so doing, committed an abuse of process

22    against him.

23    76. Plaintiff claims damages for injuries set forth above under 42 U.S.C. Section 1983 against

24    GOVERNMENT DEFENDANTS for violation of his constitutional rights under color of

25    law.

26    77. Wherefore, Plaintiff prays for judgment against GOVERNMENT DEFENDANTS and

27    MARINE WORLD DEFENDANTS as set forth hereafter.

28    /

EVANS & PAGE
SAN FRANCISCO

*THIRD CAUSE OF ACTION*

**Violation of the Fourth Amendment to the United States' Constitution**

**Unlawful Seizure**

**42 U.S.C. § 1983**

78. Paragraphs 1 through 77 are incorporated herein by reference as though fully set forth.

79. GOVERNMENT DEFENDANTS caused and will cause Plaintiff to be subjected to the deprivation of his constitutional rights under the United States' Constitution.

80. GOVERNMENT DEFENDANTS arrested Plaintiff by physical restraint and confinement.

81. GOVERNMENT DEFENDANTS willfully arrested Plaintiff for the ulterior motive of retaliating against him, without a warrant, reasonably suspicion or probably cause, and in so doing, committed an abuse of process against him.

82. Plaintiff claims damages for injuries set forth above under 42 U.S.C. Section 1983 against GOVERNMENT DEFENDANTS for violation of his constitutional rights under color of law.

83. Wherefore, Plaintiff prays for judgment against GOVERNMENT DEFENDANTS as set forth hereafter.

*FOURTH CAUSE OF ACTION*

**Violation of the Article I, Sections 1 and 13 of the California Constitution**

**Unlawful Seizure**

**42 U.S.C. § 1983**

84. Paragraphs 1 through 83 are incorporated herein by reference as though fully set forth.

85. GOVERNMENT DEFENDANTS caused and will cause Plaintiff to be subjected to the deprivation of his constitutional rights under the California Constitution.

86. GOVERNMENT DEFENDANTS arrested Plaintiff by physical restraint and confinement.

87. GOVERNMENT DEFENDANTS willfully arrested Plaintiff for the ulterior motive of retaliating against him, without a warrant, reasonably suspicion or probably cause, and in so doing, committed an abuse of process against him.

/

EVANS & PAGE
SAN FRANCISCO

1    88. Plaintiff claims damages for injuries set forth above under 42 U.S.C. Section 1983 against

2    GOVERNMENT DEFENDANTS for violation of his constitutional rights under color of

3    law.

4    *FIFTH CAUSE OF ACTION*

5    **Violation of California's False Arrest Statute**

6    **California Penal Code Sections 602.1, 837 and 847**

7    **42 U.S.C. § 1983**

8    89. Paragraphs 1 through 88 are incorporated herein by reference as though fully set forth.

9    90. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS colluded to

10    arrest and arrested Plaintiff, on March 20 and May 31, 2004, even though Plaintiff had not

11    committed a public offense, and defendants could not have reasonably believed that a public

12    offense had been committed.

13    91. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS are liable for

14    false arrest under California Penal Code Sections 837 and 847.

15    92. GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS have threatened

16    future arrests if Plaintiff engages in activities that he has a constitutional right to engage in.

17    93. Plaintiff claims damages for injuries set forth above against GOVERNMENT

18    DEFENDANTS under 42 U.S.C. Section 1983 for violation of his constitutional rights

19    under color of law.

20    94. Wherefore, Plaintiff prays for judgment against GOVERNMENT DEFENDANTS and

21    MARINE WORLD DEFENDANTS as set forth hereafter.

22    *SIXTH CAUSE OF ACTION*

23    **Violation of the Equal Protection Clause of the Fourteenth Amendment**

24    **to the United States' Constitution**

25    **42 U.S.C. § 1983**

26    95. Paragraphs 1 through 94 are incorporated herein by reference as though fully set forth.

27    96. CITY OF VALLEJO and JPA, under color of state law, caused and will cause Plaintiff to be

28    subjected ot the deprivation of his constitutional rights, in violation of 42 U.S.C. § 1983.

97. CITY OF VALLEJO, JPA and MARINE WORLD DEFENDANTS Policy is unconstitutional because it violates Plaintiff's right to equal protection under the law guaranteed by the Fourteenth Amendment to the United States' Constitution.

98. Wherefore, Plaintiff prays for judgment against CITY OF VALLEJO, JPA and MARINE WORLD DEFENDANTS as set forth hereafter.

*SEVENTH CAUSE OF ACTION*

**Violation of the Equal Protection Clause of the Fourteenth Amendment**

**to the United States' Constitution**

**42 U.S.C. § 1983**

99. Paragraphs 1 through 98 are incorporated herein by reference as though fully set forth.

100.  CITY OF VALLEJO and JPA, under color of state law, caused and will cause Plaintiff to be subjected ot the deprivation of his constitutional rights, in violation of 42 U.S.C. § 1983.

101.  CITY OF VALLEJO, JPA and MARINE WORLD DEFENDANTS Policy is unconstitutional because it violates Plaintiff's right to equal protection under the law guaranteed by the Fourteenth Amendment to the United States' Constitution.

102.  Wherefore, Plaintiff prays for judgment against CITY OF VALLEJO, JPA and MARINE WORLD DEFENDANTS as set forth hereafter.

*EIGHTH CAUSE OF ACTION*

**Violation of Plaintiff's Constitutional Rights**

**Private Co-Conspirator Liability Under 42 U.S.C. § 1983 Against**

**MARINE WORLD DEFENDANTS**

103.  Paragraphs 1 through 102 are incorporated herein by reference as though fully set forth.

104.  MARINE WORLD DEFENDANTS conspired by planning with GOVERNMENT DEFENDANTS to arrest plaintiff due to the content of plaintiff's speech in violation of Plaintiff's constitutional rights under the California and United States' Constitutions.

105.  MARINE WORLD DEFENDANTS and GOVERNMENT DEFENDANTS agreed that Plaintiff would be arrested by GOVERNMENT DEFENDANTS upon the request of MARINE WORLD DEFENDANTS.

1    106.  MARINE WORLD DEFENDANTS and GOVERNMENT DEFENDANTS further

2    argreed upon the logistics of the arrest, specifically, how and where the arrest would take

3    place.

4    107.  MARINE WORLD DEFENDANTS gave instruction and GOVERNMENT

5    DEFENDANTS heded the instruction to arrest plaintiff.

6    108.  Plaintiff claims damages for injuries set forth above against MARINE WORLD

7    DEFENDANTS under 42 U.S.C. Section 1983 for violation of his constitutional rights

8    under color of law.

9    109.  Wherefore, Plaintiff prays for judgment against MARINE WORLD DEFENDANTS as

10   set forth hereafter.

11                          *NINTH CAUSE OF ACTION*

12                          **Assault and Battery**

13                          42 U.S.C. § 1983

14   110.  Paragraphs 1 through 109 are incorporated herein by reference as though fully set forth.

15   111.  This cause of action against GOVERNMENT DEFENDANTS is based on the events of

16   May 31, 2004, and is based on the events of March 20, 2004, against MARINE WORLD

17   DEFENDANTS.

18   112.  GOVERNMENT DEFENDANTS and MARINE WORLD DEFENDANTS assaulted and

19   battered plaintiff.  Specifically, defendants intentionally acted in a manner that made

20   Plaintiff reasonably believe that he was about to be touched in a harmful and offensive

21   manner.  Furthermore, defendants pushed and forcefully arrested and restrained Plaintiff

22   against his express wishes.

23   113.  At the time of the assault and battery, Plaintiff was behaving peacefully on public property

24   open to the public.

25   114.  Plaintiff claims damages for injuries set forth above against GOVERNMENT

26   DEFENDANTS under 42 U.S.C. Section 1983 for violation of his constitutional rights

27   under color of law.

28   /

1  115. Wherefore, Plaintiff prays for judgment against GOVERNMENT DEFENDANTS and

2  MARINE WORLD DEFENDANTS as set forth hereafter.

3  *TENTH CAUSE OF ACTION*

4  **Abuse of Process**

5  116. Paragraphs 1 through 115 are incorporated herein by reference as though fully set forth.

6  117. Defendants requested and processed a citizen's arrest on Plaintiff on March 20, 2004, and

7  May 31, 2004.

8  118. Defendants intentionally used this legal procedure to chill the free speech activity of

9  Plaintiff.

10  119. Plaintiff was harmed by being forcefully arrested, having his pleas for help ignored, and

11  having his constitutional rights of free speech violated.

12  120. Defendants conduct was the direct and proximate cause of Plaintiff's harm.

13  121. Wherefore, Plaintiff prays for judgment against GOVERNMENT DEFENDANTS and

14  MARINE WORLD DEFENDANTS as set forth hereafter.

15  *ELEVENTH CAUSE OF ACTION*

16  **False Imprisonment**

17  122. Paragraphs 1 through 121 are incorporated herein by reference as though fully set forth.

18  123. Defendants knowingly and unlawfully exercised force, and the express and implied threat

19  of force, menace, and unreasonably duress to restrain, detain and confine Plaintiff.

20  124. Defendants' restraint, detention and confinement was unauthorized and prevented Plaintiff

21  from exercising his rights of free speech.

22  125. Wherefore, Plaintiff prays for judgment against GOVERNMENT DEFENDANTS and

23  MARINE WORLD DEFENDANTS as set forth hereafter.

24  **VI.      PRAYER FOR RELIEF**

25  WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

26  a.  A court order for declaratory and injunctive relief declaring that the defendants' Policy of

27  prohibiting citizens from exercising free speech rights violates the Constitution of the

28  United States and Constitution of the State of California,

EVANS & PAGE
SAN FRANCISCO

b. Compensatory, general and special damages in an amount according to proof,

c. A civil penalty of $25,000 for each violation of rights under California Civil Code Section 52(b)(2).

d. Exemplary damages against each individual defendant, excluding the CITY OF VALLEJO, in an amount sufficient to deter and to make an example out of those defendants.

e. Attorneys' fees and costs under 42 U.S.C. Section 1988, California Code of Civil Procedure Section 1021.5, California Civil Code Sections 52(b)(3) and 52.1(h), and any other applicable statute, and

f. Costs of this suit, and

g. Such other relief as this Court deems proper.

Respectfully submitted,

Dated: April 20, 2005                    **EVANS & PAGE**

By: /s/ Corey A. Evans, Esq.
Corey A. Evans, Esq.
Attorney for Plaintiff

/
/
/
/
/
/
/
/
/
/
/
/////